UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

OWEN HARTY,

                Plaintiff,                              19 Civ. 1322 (VB)

    -against-

NYACK MOTOR HOTEL INC.,                          **DECLARATION**

                Defendant.

---------------------------------------------------------------X

      **SHASHI A. PATEL,** hereby declares under the penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

      1.     I am employed by Tappanzee Hotel, LLC ("TH"), which leases the premises that are the subject of the above-captioned action. TH operates a business at the premises known as the Tappan Zee Hotel. The Complaint in this action alleges that a website associated with the premises, http://www.nyackmotorlodge.com (the "Website"), does not comply with the requirements of the Americans with Disabilities Act of 1990 because it does not sufficiently inform disabled individuals who are attempting to book or reserve a room of the "goods, services, features, facilities, benefits, advantages, and accommodations" that are available to them. (Compl., ¶ 10).

      2.     The Website no longer exists. Last year, TH renamed and rebranded its business from the "Nyack Motor Lodge" to the Tappan Zee Hotel. TH no longer owns the domain name www.nyackmotorlodge.com. At present, TH does not maintain a website of any kind. Moreover, even when the Website was online, it did not have the capability of allowing potential guests to book or reserve a room.

3. It is possible for the public to book and/or reserve a room at the Tappan Zee Hotel through a number of third-party websites, such as www.booking.com and www.expedia.com. These websites vary from one to another as to the type of information they provide about hotels and other places of accommodation. TH is not able to control the level of detail or informational format that these third-parties have on their websites.

**WHEREFORE**, I respectfully submit that the Complaint in this action should be dismissed in its entirety.

Dated: Yonkers NY
May 13, 2019

_____
SHASHI A. PATEL