UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
OWEN HARTY,

        Plaintiff,

  -against-

NYACK MOTOR HOTEL, INC.,

        Defendant.

------------------------------------------------------------------------ x

19 Civ. 1322 (VB)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**KEANE & BEANE, P.C.**

Attorneys for Defendant

445 HAMILTON AVENUE, 15TH FLOOR

WHITE PLAINS, NEW YORK 10601

(914) 946-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
OWEN HARTY, Individually,

        Plaintiff,

    -against-                                              19 Civ. 1322 (VB)

NYACK MOTOR HOTEL, INC.,
A New York Corporation,

        Defendant.
------------------------------------------------------------------------ x

# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANT'S
# MOTION TO DISMISS

**I.**      **Preliminary Statement**

Defendant Nyack Motor Hotel, Inc. ("NMH") respectfully submits this Memorandum of Law in support of its motion to dismiss the Complaint in this action pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), 8(a)(2) and 19. NMH is the owner/landlord of the premises that are the subject of Plaintiff's claims under the Americans with Disabilities Act of 1990 (the "ADA") and its implementing regulations. Tappanzee Hotel, LLC ("Tenant") operates a motel at the premises pursuant to the terms of a written lease agreement. The Complaint alleges that a website associated with the premises, http://www.nyackmotorlodge.com (the "Website"), does not comply with the requirements of the ADA because it does not sufficiently inform disabled individuals who are attempting to book or reserve a room of the "goods, services, features, facilities, benefits, advantages, and accommodations" that are available to them. (Compl., ¶ 10).

As discussed in the accompanying Declaration of Shashi A. Patel, the Website no longer exists. Tenant no longer owns the domain name www.nyackmotorlodge.com, and does not maintain a website of any kind. Moreover, even when the Website was online, it did not have the capability of allowing potential guests to book or reserve a room. Accordingly, Plaintiff can no longer obtain injunctive relief under the ADA with respect to the Website, assuming that he ever could. The dismissal of Plaintiff's claim under the ADA (the only federal cause of action in the Complaint) renders the action subject to dismissal for lack of subject matter jurisdiction.

**II.     Argument**

### POINT I

### THE COMPLAINT SHOULD BE DISMISSED

**A.     Legal Framework**

On a motion to dismiss under Rule 12(b)(1), a court must assess whether an actual controversy exists, and continues to exist at all stages of review in order to determine whether the court has subject matter jurisdiction. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71, 133 S. Ct. 1523, 1528 (2013) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In situations involving the voluntary cessation of allegedly actionable conduct, the Second Circuit applies a two-part test to determine whether a case is moot. Specifically, the defendant must demonstrate that: "(1) there is no reasonable expectation that the alleged

violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Gropper v. Fine Arts Housing*, Inc., 12 F. Supp. 3d 664, 670 (S.D.N.Y. 2014) (quoting *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010) (citation omitted)).

On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (2010). "[D]etailed factual allegations" are not required, *Twombly,* 550 U.S., at 555, 127 S.Ct. 1955, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S.Ct. 1955.

## B.    Plaintiff's ADA Is Moot

Plaintiff's federal claim under the ADA is moot because the permanent termination of the Website necessarily means that Plaintiff cannot identify, let alone prove, that any violation of the ADA occurred, or that injunctive relief should issue for same.

The Complaint in this action asserts that the requirements of 28 C.F.R. § 36.302(e)(1) should be applied to websites, even though the regulation does not expressly state as much. Section 36.302(e)(1) states that places of public accommodation offering lodging shall:

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

28 C.F.R. § 36.302(e)(1)

Even if these requirements were legally applicable as alleged in the Complaint, they cannot be applied to a nonexistent website. Furthermore, Plaintiff cannot obtain injunctive relief with respect to a website that no longer exists. The Complaint is also deficient under Rule 8(a) and 12(b)(6) because it provides no detail whatsoever as to how the Website purportedly violated 28 C.F.R. § 36.302(e)(1). Instead, the Complaint offers only boilerplate allegations that are devoid of facts relating to the Website.


**C.   Other Websites**

The Complaint also makes reference to other, unnamed websites that the general public may use to "book or reserve guest accommodations at the hotel." (Compl., ¶ 10). The Court may take judicial notice of the existence of such websites, and that they vary with respect to content and format. *See Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, 2013 WL 6670584, at *1, n. 1 (S.D.N.Y. Mar. 29, 2013). Each third party website is unique and has a different platform for providing consumer information and online reservations. The Complaint does not identify any particular third-party website, and therefore fails to plead facts sufficient to provide NMH with even minimal notice of an actionable claim.

The Complaint also fails to allege that NMH (or Tenant) controls the information that appears on these websites, and Tenant denies having any such control. (Patel Decl., ¶ 3). Furthermore, to the extent that Plaintiff seeks to assert a claim based upon a third-party website, Rule 19(a)(1)(A) would require the joinder of such party. As the Second Circuit has stated, "in exercising its equitable powers, a court 'cannot lawfully enjoin the world at large.'" *People of State of N.Y. v. Operation Rescue Nat.*, 80 F.3d 64, 70 (2d Cir. 1996) (quoting *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930)).

**D.   State Law Claim**

Although the Complaint purports to plead a claim under the New York State Human Rights Law, courts generally decline to exercise supplemental jurisdiction upon the dismissal of all claims over which they had original jurisdiction. *See Thomas v. Grunberg 77 LLC*, 2017 WL 3263141, at *1 (S.D.N.Y. July 28, 2017). NMH submits that the Court should decline to exercise supplemental jurisdiction upon the dismissal of Plaintiff's ADA claim.

-7-

## III.     Conclusion

For these reasons, Defendant Nyack Motor Hotel, Inc. respectfully submits that the Complaint should be dismissed in its entirety.

Dated:    White Plains, New York
          May 13, 2019

                              **KEANE & BEANE, P.C.**

                    By:    s/Edward J. Phillips
                          Edward J. Phillips
                          Attorneys for Defendant
                          445 Hamilton Avenue, 15th Floor
                          White Plains, NY 10601
                          (914) 946-4777
                          (914) 946-6868 (fax)
                          ephillips@kblaw.com