UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
OWEN HARTY,

        Plaintiff,

  -against-                                                                19 Civ. 1322 (VB)

NYACK MOTOR HOTEL, INC.,

        Defendant.
------------------------------------------------------------------------ x

# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF DEFENDANT'S
# MOTION TO DISMISS

**KEANE & BEANE, P.C.**
Attorneys for Defendant
445 HAMILTON AVENUE, 15TH FLOOR
WHITE PLAINS, NEW YORK 10601
(914) 946-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
OWEN HARTY, Individually,

           Plaintiff,

     -against-                                   19 Civ. 1322 (VB)

NYACK MOTOR HOTEL, INC.,
A New York Corporation,

           Defendant.
------------------------------------------------------------------- x

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF DEFENDANT'S
## <u>MOTION TO DISMISS</u>

**I.**      <u>**Preliminary Statement**</u>

Defendant Nyack Motor Hotel, Inc. ("NMH") respectfully submits this Reply Memorandum of Law in further support of its motion to dismiss the Complaint in this action pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), 8(a)(2) and 19.

NMH's moving papers established that its tenant, Tappanzee Hotel, LLC ("Tenant"), permanently abandoned the website previously associated with Tenant's motel (http://www.nyackmotorlodge.com), and that Tenant does not maintain any other website with respect to the premises. Accordingly, this case is moot. The Americans with Disabilities Act of 1990 (the "ADA") does not require private entities to operate a website in connection with a public accommodation. In this case, Tenant is presently operating its motel without its own independent website. Any compliance issues relating to Tenant's former website are academic because that website no longer exists. Because the only remedy available to Plaintiff under the ADA is injunctive relief, the nonexistence of Tenant's former

website necessarily means that Plaintiff lacks any legally cognizable interest in the outcome of this suit. To the extent that Plaintiff seeks damages under the New York State Human Rights Law, this Court should decline to exercise supplemental jurisdiction over his state law claims.

Plaintiff's attempt to salvage his ADA claim in this action by identifying online "booking" websites operated by non-parties is unavailing. The plain language of 28 C.F.R. § 36.302(e)(1) simply requires equivalency between the way a public accommodation allows its disabled and non-disabled patrons to make reservations for lodging.[1] Here, Tenant does not offer any online reservation platform to any of its patrons. Accordingly, the functionality and information provided by third party booking websites cannot be measured against the Tenant's online booking "policies, practices, or procedures", *see* 28 C.F.R. § 36.302(e)(1)(i), or Tenant's online description of the "accessible features" of its public accommodation, *see* 28 C.F.R. § 36.302(e)(1)(ii), for the purpose of these regulatory requirements. Tenant is doing business without an online booking website.

---

[1] Plaintiff concedes that NMH is the landlord of the subject premises, rather than the operator of the motel, and therefore 28 C.F.R. § 36.302(e) subparagraphs (iii) – (v) are inapplicable in the instant matter, as pleaded. These provisions are inapplicable pursuant to 28 C.F.R. § 36.302(e)(2), which states: "The requirements in paragraphs (iii), (iv), and (v) of this section do not apply to reservations for individual guest rooms or other units not owned or substantially controlled by the entity that owns, leases, or operates the overall facility."

**II.     Reply Argument**

## POINT I

## THE COMPLAINT
## SHOULD BE DISMISSED

Plaintiff's federal claim under the ADA is moot because Tenant's permanent abandonment of its former website necessarily means that Plaintiff cannot identify, let alone prove, that any violation of the ADA occurred, or that injunctive relief should issue for same. Although Plaintiff identifies a number of third-party reservation websites in its opposition papers such as www.hotels.com, www.booking.com and www.priceline.com, the Complaint does not even mention these websites, let alone contain allegations that might provide reasonable notice to Defendant as to the basis of Plaintiff's claims. Instead, the Complaint focuses upon a particular website that no longer exists, and offers only boilerplate allegations that are devoid of facts relating to other websites. Because it is "absolutely clear" that whatever alleged deficiencies may have existed on Tenant's former website (www.nyack.motorlodge.com) cannot reasonably be expected to recur, *see Diaz v. Kroger Co.*, 2019 WL 2357531, at *2 (S.D.N.Y. Jun. 4, 2019) (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190, 120 S.Ct. 693, 709 (2000)), the Complaint should be dismissed.

-5-

## III. <u>Conclusion</u>

For these reasons, Defendant Nyack Motor Hotel, Inc. respectfully submits that the Complaint should be dismissed in its entirety.

Dated:   White Plains, New York
        June 19, 2019

                      **KEANE & BEANE, P.C.**

              By:   <u>s/Edward J. Phillips</u>
                   Edward J. Phillips
                   Attorneys for Defendant
                   445 Hamilton Avenue, 15th Floor
                   White Plains, NY 10601
                   (914) 946-4777
                   (914) 946-6868 (fax)
                   ephillips@kblaw.com