UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OWEN HARTY,

                          Plaintiff,

         v.

NYACK MOTOR HOTEL INC., *a New York Corporation*,

                         Defendant.

No. 19-CV-1322 (KMK)

OPINION & ORDER

Appearances:

Peter Erik Sverd, Esq.
Law Offices of Peter Sverd, PLLC
New York, NY
*Counsel for Plaintiff*

Edward J. Phillips, Esq.
Keane & Beane
White Plains, NY

Julian Alan Schulman, Esq.
Schulman & Kissel, P.C.
Suffern, NY
*Counsels for Defendant*

KENNETH M. KARAS, United States District Judge:

      Plaintiff Owen Harty ("Plaintiff") brings this Action pursuant to the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12131, *et seq.*, and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, *et seq.*, alleging that Nyack Motor Hotel, Inc. ("Defendant") operates a website that Plaintiff, due to his disabilities, was unable to access. (*See* Compl. (Dkt. No. 1).) Plaintiff seeks injunctive and declaratory relief under the ADA and damages under the NYSHRL. (*See id.* ¶ 28.) Before the Court is Defendant's Motion To

Dismiss (the "Motion"), pursuant to Rules 8(a), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure.  (*See* Not. of Mot. (Dkt. No. 13).)  For the reasons below, the Motion is granted.

## I.  Background

### A.  Factual Background

The following facts, drawn from Plaintiff's Complaint, are assumed to be true for the purposes of this Motion.

Plaintiff is a resident of Broward County in Florida, and allegedly qualifies as a disabled individual, as defined by the ADA.  (Compl. ¶ 1.)  Plaintiff avers that he cannot walk and must ambulate in a wheelchair.  (*Id*.)  Plaintiff is allegedly an "advocate of the rights of similarly situated disabled persons" and regularly visits websites of places of public accommodation to test whether they comply with ADA requirements.  (*Id*. ¶ 2.)

Plaintiff alleges that Defendant "owns, leases, leases to, or operates a place of public accommodation as defined by the ADA," namely the Nyack Motor Lodge (the "Lodge"), located at 110 N. Route 303, West Nyack, Rockland County, New York.  (*Id*. ¶ 3.)  Plaintiff alleges that Defendant is required to comply with the ADA.  (*Id*. ¶ 7.)  Because of this, Defendant must comply with 28 C.F.R. § 36.302(e)(1), which requires places of public accommodation to "ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms."  (*Id*. ¶ 8 (quoting 28 C.F.R. § 36.302(e)(1)(i)).)

Plaintiff alleges that Defendant, "either itself or by and through a third party, implemented, operates, controls and[/]or maintains a website for the [Lodge] which contains an online reservations system."  (*Id*. ¶ 10.)  The website at issue is "http://www.nyackmotorlodge.com/" (the "Website").  (*Id*.)  Plaintiff alleges that this "term"

includes "all websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel." (*Id.*) According to Plaintiff, because a purpose of the Website is to provide information about and facilitate reserving rooms at the Lodge, the Website is subject to the requirements discussed above. (*Id.*)

However, when Plaintiff attempted to access the Website, he was allegedly "unable to do so." (*Id.* ¶ 11.) Plaintiff claims that he "intends to revisit Defendant's [W]ebsite" to test it for further compliance with 28 C.F.R. § 36.302(e) in the "near future." (*Id.* ¶ 12.) He also claims that he is "continuously aware" that the Website "remains non-compliant" and that it would be "futile" to visit it again as long as the purported violations continue to exist. (*Id.* ¶ 13.) Based on the above, Plaintiff seeks injunctive relief and declaratory relief under the ADA, as well as damages under the NYSHRL. (*Id.* ¶¶ 27–28.)

B.  Procedural Background

Plaintiff filed his Complaint on February 12, 2019. (*See* Compl.) The case was originally assigned to The Honorable Vincent L. Briccetti ("Judge Briccetti"). (Dkt. (entry for Feb. 13, 2019).) Pursuant to Judge Briccetti's Order, Defendant filed its Motion and supporting papers on May 13, 2019. (*See* Not. of Mot.; *see also* Decl. of Edward J. Phillips, Esq. in Supp. of Mot. ("Phillips Decl."); Decl. of Shashi A. Patel in Supp. of Mot. ("Patel Decl."); Def.'s Mem. of Law in Supp. of Mot. ("Def.'s Mem.") (Dkt. Nos. 14–16).) On May 14, 2019, Judge Briccetti issued an Order indicating that Plaintiff had ten days to notify the Court whether he intended to file an amended pleading or rely on the Complaint in responding to Defendant's Motion. (Order (Dkt. No. 17).) In that Order, it was noted that proceeding without amending would mean that Plaintiff is unlikely to receive a further opportunity to amend. (*Id.*) The case was reassigned to this Court on May 14, 2019. (*See* Dkt. (entry for May 14, 2019).) On June 12,

3

2019, Plaintiff filed an Opposition to the Motion.  (*See* Decl. of Peter Sverd, Esq. in Opp'n to Mot. ("Sverd Decl."); Pl.'s Mem. of Law in Opp'n to Mot. ("Pl.'s Mem.") (Dkt. Nos. 20, 20-6).)  Defendant filed a Reply on June 19, 2019.  (Def.'s Reply Mem. of Law in Supp. of Mot. ("Def.'s Reply Mem.") (Dkt. No. 21).)

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (alteration and quotation marks omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere

4

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

### B. Analysis

Defendant argues that the entire Action is moot because the Website no longer exists. (*See* Def.'s Mem. 4.) Defendant also argues (in one sentence) that the Complaint fails under Federal Rules 8(a) and 12(b)(6) because it provides "no detail whatsoever" regarding how the Website was inaccessible to Plaintiff. (*Id.* at 5.) Furthermore, according to Defendant, Plaintiff is not responsible for the design and content of any third-party booking websites, and to the extent such a claim survives the Motion, it would at least require the joinder of these websites. (*See id.* at 6.) Lastly, according to Defendant, upon dismissal of all the federal claims for the

5

foregoing reasons, the Court should decline to exercise supplemental jurisdiction of any state cause of action under the NYSHRL.  (*See id.*)

       1.  Federal Claims

Plaintiff's Complaint only specifically names the Website as the one that he was unable to access due to his disability.  (*See* Compl. ¶ 10.)  However, the Website has now become defunct, a fact that Plaintiff acknowledges.  (*See* Pl.'s Mem. 3, 8.)[1]  Plaintiff argues that the Complaint nevertheless survives because it also mentioned other third-party websites related to the Lodge.  (*Id.* at 3 (citing Compl. ¶ 10).)  A closer look at the Complaint reveals that Plaintiff alleges, in a conclusory fashion, that this "term" includes "all websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel."  (Compl. ¶ 10.)  Plaintiff does not mention any of these other websites by name in the Complaint or join them or their parent companies in the Action.  Instead, Plaintiff names them for the first time in his Memorandum opposing the Motion, attaching Exhibits of screenshots of postings from the booking platforms priceline.com, booking.com, and hotels.com.  (*See* Sverd Decl. Exs. A–C, E (Dkt. Nos. 20-1–3, 20-5).)[2]  Although Plaintiff asks the Court to take "judicial notice" of these

---

[1] The Website is indeed defunct, and the Court may take judicial notice of this fact.  "It is generally proper to take judicial notice of articles and [websites] published on the [i]nternet." *Magnoni v. Smith & Laquercia, LLP*, 701 F. Supp. 2d 497, 501 (S.D.N.Y. 2010) (citation and quotation marks omitted), *aff'd*, 483 F. App'x 613 (2d Cir. 2012); *see also Hotel Emps. & Rest. Emps. Union, Local 100 of New York, N.Y. & Vicinity, AFL-CIO v. City of N.Y. Dep't of Parks & Recreation*, 311 F.3d 534, 549 (2d Cir. 2002) (taking judicial notice of the content of a publicly available website but noting that "the fact . . . ha[d] little relevance" to the issue); *Saint Laurie Ltd. v. Yves Saint Laurent Am., Inc.*, No. 13-CV-6857, 2015 WL 12991205, at *7 n.13 (S.D.N.Y. Mar. 27, 2015) (taking judicial notice of the existence and content of a website alleged to violate an agreement); *McNaughton v. de Blasio*, No. 14-CV-221, 2015 WL 468890, at *9 n.10 (S.D.N.Y. Feb. 4, 2015) (taking judicial notice of a publicly available online notice regarding Gmail functionality), *aff'd*, 644 F. App'x 32 (2d Cir. 2016).

[2] Some of the Exhibits refer to the "Tappan Zee Hotel," not Defendant.  (*See, e.g.*, Sverd Decl. Ex. A.)  Defendant explains that Tappanzee Hotel, LLC ("Tenant") leases the facility in

screenshots, (Pl.'s Mem. 5), Plaintiff is counseled and is not entitled to any of the latitude afforded to pro se litigants in adjudicating a motion to dismiss. And generally, counseled plaintiffs may not "use their opposition to [a] motion to dismiss to raise new claims or arguments." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 390 n.19 (S.D.N.Y. 2013) (citation, alterations, and quotation marks omitted); *Kiryas Joel All. v. Village of Kiryas Joel*, No. 11-CV-3982, 2011 WL 5995075, at *10 n.9 (S.D.N.Y. Nov. 29, 2011) (same), *aff'd*, 495 F. App'x 183 (2d Cir. 2012). Because Plaintiff did not name any of these third-party booking platforms in the Complaint, it cannot be said that Defendant had "fair notice of the claim[s] asserted" against it. *Greenland v. Municipality of Westchester County*, No. 18-CV-3157, 2019 WL 4640061, at *3 (S.D.N.Y. Sept. 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).[3] Accordingly, the Court will not consider the new allegations and theory of liability raised in Plaintiff's Memorandum. This leaves Plaintiff only with his allegation as to the Website, which, as discussed above, is now defunct, mooting the Action and depriving this Court of subject matter jurisdiction. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (noting that, for jurisdiction to exist, "an actual controversy must be extant at all stages of review, not merely the time the complaint is filed" (citation and quotation marks omitted)); *Brown v. Mermaid Plaza Assocs. LLC*, No. 13-CV-760, 2018 WL 2722454, at

---

question from Defendant and recently rebranded the hotel, explaining the name change. (Patel Decl. ¶ 1.) According to Defendant, the Website was taken down because the Lodge as it was previously known no longer exists, and the new hotel does not "maintain a website of any kind." (*Id*. ¶ 2.) Plaintiff appears to agree that Defendant is a lessor and that Tenant renamed the hotel. (*See* Pl.'s Mem. 3.) However, Plaintiff avers that, given that the newly named hotel is still located at the same facility, the Complaint nevertheless survives. (*Id*.)

[3] Moreover, taking "judicial notice" of the existence of these other third-party websites does not cure the more fundamental problem of whether or not *Defendant*—alleged only to be responsible for a Website that does not exist and lessor to the operator of a Lodge that has since been renamed and rebranded—can be held liable for any supposed ADA violations attributable to those websites.

*8 (E.D.N.Y. Mar. 8, 2018) ("A case becomes moot . . . when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (citation and some quotation marks omitted)).

Nevertheless, the Court notes that, even assuming that the Court could consider the arguments raised in Plaintiff's Memorandum or that the absence of the Website does not moot the Action, Plaintiff's Complaint only makes conclusory allegations that do not survive a Rule 12(b)(6) motion.

Although the Second Circuit "has not directly addressed whether the ADA's prohibition on discrimination in places of 'public accommodation' extends to 'places' on the [i]nternet or to the online services of real-world public accommodations," *Thorne v. Formula 1 Motorsports, Inc.*, No. 19-CV-1077, 2019 WL 6916098, at *2 (S.D.N.Y. Dec. 19, 2019) (citation, alteration, and some quotation marks omitted), a handful of district courts in the Second Circuit have interpreted an analogous case, *Pallozzi v. Allstate Life Insurance Co.*, 198 F.3d 28 (2d Cir. 1999), to imply that "Title III extends to online fora offering goods and services," *Del-Orden v. Bonobos, Inc.*, No. 17-CV-2744, 2017 WL 6547902, at *5 (S.D.N.Y. Dec. 20, 2017); *see also Thorne*, 2019 WL 6916098, at *2–3 (concluding that the ADA's requirements extend to the website of a seller of boats and boat accessories); *Juscinska v. Paper Factory Hotel, LLC*, No. 18-CV-8201, 2019 WL 2343306, at *3 (S.D.N.Y. June 3, 2019) (online reservation systems for a hotel); *Suvino v. Time Warner Cable, Inc.*, No. 16-CV-7046, 2017 WL 3834777, at *2 (S.D.N.Y. Aug. 31, 2017) (cable company's website functions, such as "service selection, online bill payment[,] and access to streaming services"); *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 397–98 (E.D.N.Y. 2017) (art store franchise's online store); *Markett v. Five Guys Enters. LLC*, No. 17-CV-788, 2017 WL 5054568, at *2 (S.D.N.Y. July 21, 2017) (fast food

restaurant's online orders); *Nat'l Fed'n of the Blind v. Scribd Inc.*, 97 F. Supp. 3d 565, 567, 576 (D. Vt. 2015) (digital library that provides reading subscription services).

However, at this juncture, this Court does not need to reach its own conclusion on the issue because, even *if* Plaintiff's purported injuries stem from legally cognizable rights, Plaintiff fails to sufficiently articulate how Defendant allegedly trampled on those rights. Making all the cognitive leaps that Plaintiff wishes the Court to make—i.e., that the disappearance of the alleged Website does not moot this entire Action, that Defendant may be held liable for the online presence of a hotel operated by its Tenant, that the Court may consider allegations about the accessibility of third-party websites that provide online reservation functionality for the new hotel, and that Defendant may be held liable for the actions of those third-party websites—the Complaint still fails, as it does not provide particularized allegations as to how any website at issue fails to meet any accessibility requirements. Plaintiff fails to describe any purportedly deficient features, how they impeded his navigation of the Website, or what, if anything, he was able to observe when he did attempt to access the Website. Plaintiff even fails to allege the nature of his disability and how it affects his navigation of the internet or the Website in particular. Even if the Court were to take "judicial notice" of the third-party listings Plaintiff attaches to his Opposition, (Pl.'s Mem. 5), none of the screenshots adds any particularity or plausibility as to how or why these websites were inaccessible to Plaintiff.

Although Plaintiff does not need to delve deeply into the technical details of website accessibility at the pleading stage, his conclusory allegations and recitation of legal boilerplate simply do not compare to the kinds of *factual* allegations other plaintiffs have provided in similar cases. *See, e.g.*, *Thorne*, 2019 WL 6916098, at *1 (listing the alleged barriers to accessibility on the website at issue, such as "images without alternative text, . . . links containing no text, . . .

[and] redundant links," and how they prevented the plaintiff from easily navigating the website); *Juscinska*, 2019 WL 2343306, at *1 (specifying that the plaintiff was unable to find "meaningful accessibility information" on the website about the guestrooms and that the plaintiff was "unable to reserve an accessible room"); *Del-Orden*, 2017 WL 6547902, at *2 (noting that the plaintiff had alleged that certain options on the defendant's online store could only be selected by using a computer mouse, which he could not use due to his blindness); *Suvino*, 2017 WL 3834777, at *2 (noting that the legally blind plaintiff alleged that the website at issue was not coded to accommodate text-to-speech screen reader software and failed to use video description technology); *Markett*, 2017 WL 5054568, at *1 (noting that the plaintiff alleged that she was blind and that she faced multiple barriers on the defendant's website while attempting to purchase items); *Scribd Inc.*, 97 F. Supp. 3d at 567 (noting that the plaintiffs alleged that they were blind and that the web service at issue was not programmed to be accessible to screen reading software, which would "convert graphical information . . . into audio or Braille formats"). Accordingly, in an alternative to mootness grounds, the Court could also dismiss the federal claims for failure to state a claim.[4]

    2.  State Claim

As the Court has dismissed the federal causes of action, it declines to exercise any supplemental jurisdiction over the NYSHRL claim. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57

---

[4] Although the Court does not reach this issue at this time, it emphasizes that Plaintiff's cited regulation includes an exception noting that certain ADA requirements on reservations for a place of public accommodation "do not apply to reservations for individual guest rooms . . . not owned or substantially controlled by the entity that owns, leases, or operates the overall facility." 28 C.F.R. § 36.302(e)(2). This raises some questions as to whether Defendant, who Plaintiff acknowledges is only the *lessor* of the underlying building and not the operator of the then-Lodge and current hotel, (*see* Pl.'s Mem. 3), is properly alleged to be the sole responsible party in this Action. As discussed in the Conclusion, Plaintiff may amend his Complaint, which provides an opportunity to add other potentially responsible parties.

(2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (citations omitted)); *Thomas v. Grunberg 77 LLC*, No. 15-CV-1925, 2017 WL 3263141, at *1 (S.D.N.Y. July 28, 2017) (dismissing state claims where the federal claims had been mooted); *Torres v. City of New York*, 248 F. Supp. 2d 333, 334 (S.D.N.Y. 2003) ("Where the basis for pendent jurisdiction is dismissed, ordinarily so should the state law claims be dismissed." (citations omitted)).

### III. Conclusion

For the foregoing reasons, Defendant's Motion To Dismiss is granted. Because this is the first adjudication of Plaintiff's claims and because the briefing suggests that circumstances have changed since the filing of the Complaint—potentially affecting which parties should be included in this Action—the Court will provide Plaintiff with an opportunity to amend the Complaint. If Plaintiff wishes to file an amended complaint addressing the deficiencies discussed in this Opinion & Order, Plaintiff must do so within 30 days of the date of this Opinion & Order. Plaintiff is advised that the amended complaint will replace, not supplement, all prior complaints. The amended complaint must contain all of the claims, factual allegations, and exhibits that Plaintiff wishes the Court to consider. Failure to timely file an amended complaint may result in dismissal of Plaintiff's claims with prejudice.

The Clerk of the Court is respectfully directed to terminate the pending Motion. (Dkt. No. 13.)

SO ORDERED.

Dated: March 9, 2020
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

11